# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GREGORY EDWARD KUCERA,

      Plaintiff,

v.                                                                                                     No. 18cv250 WJ/LF

LAWRENCE LIVERMORE NATIONAL LABORATORIES,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL
## AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 15, 2018 ("Complaint"). For the reasons stated below, the Court **DISMISSES** this case **without prejudice.** Plaintiff shall, within 14 days of entry of this Order, show cause why the Court should not impose filing restrictions. The Clerk of Court shall **UNSEAL** this case.

**Dismissal for Lack of Subject Matter Jurisdiction**

Plaintiff used the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" to initiate this case. The *only* allegation that Plaintiff wrote in the form Complaint states in its entirety: "Character Defamation." Complaint at 2. Plaintiff attached a note to the Complaint which states: "Please seal with national security issues." Complaint at 7.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our

duty to address the apparent lack of jurisdiction sua sponte"). While the form Complaint states "Jurisdiction in invoked pursuant to 28 U.S.C. § 1343[a](3), 42 U.S.C. § 1983," there are no allegations that Defendant deprived Plaintiff of any right, privilege or immunity secured by the Constitution or any federal law. Plaintiff's Complaint does not otherwise contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims.").

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's

> order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Litigant's Abusive History**

This is the sixth civil case Plaintiff has initiated in the District of New Mexico since August, 2017. *See Kucera v. Choi*, No. 17cv789 KG/SCY (dismissed for failure to state a claim); *Kucera v. United States*, No. 17cv1228 JB/KK (dismissed for lack of subject-matter jurisdiction); *Sealed Case*, No. 18cv94 JB/GJF (pending); *Kucera v. Los Alamos National Labs*, No. 18cv95 JCH/SCY (dismissed for lack of subject-matter jurisdiction); and *Kucera v. Sandia Corp.*, No. 18cv166 WJ/LF (dismissed for lack of subject-matter jurisdiction). Despite the Court's previous notices that Plaintiff has the burden of alleging facts to support jurisdiction, Plaintiff filed a Complaint in this case that does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. Furthermore, the Complaint Plaintiff filed in his previous case, like his Complaint in this case, contains very few factual allegations. *See* Doc. 1 at 4-5 in *Kucera v. Sandia Corp.*, No. 18cv166 WJ/LF (the only allegations Plaintiff wrote in the form Complaint are "Classified," "Speech/[illegible]," "Manslaughter," and "Settle out of court"). The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases.

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to return without filing any additional submissions by Plaintiff in this case

other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless:

1. a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing; or

2. the Plaintiff has obtained permission to proceed *pro se* in this action in accordance with the procedures for new pleadings set forth below.

Plaintiff also will be enjoined from initiating further litigation in this Court unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or the defendants have previously been sued, the affidavit

must certify that the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system;

      3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 5 in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**Opportunity to Be Heard**

Plaintiff is ordered to show cause within fourteen (14) days from the date of this order why this court should not enter the proposed filing restrictions. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. Absent a timely response to this Order to Show Cause, the proposed filing restrictions will enter fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff does file a timely response, the proposed filing restrictions will not enter unless the Court so orders, after it has considered the response and ruled on Plaintiff's objections.

**Sealed Case**

Plaintiff attached a note to the Complaint which states: "Please seal with national security issues." Complaint at 7. The Clerk sealed the case. Courts have discretion to allow the sealing of documents if the public's right of access is outweighed by other interests. *See JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs,* 754 F.3d 824, 826 (10th Cir.2014) (per curiam). "To overcome [the] presumption against sealing, the party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Id.* (internal quotation marks omitted). While Plaintiff makes the conclusory allegations that this case should be sealed due to national security issues, he has not set forth any factual allegations to support his contention that the case should be sealed.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

(iii) The Clerk of Court **UNSEAL** this case.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE